UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VANDANA CHAK,

                                        Plaintiff,

                    v.

NEW YORK STATE DEPARTMENT OF
EDUCATION, DR. BETTY A. ROSA, THE NEW
YORK CITY DEPARTMENT OF EDUCATION,
SHARON L. VELTMAN, and JANET
MAXWELL WICKETT,

                                        Defendants.

---

**MEMORANDUM AND ORDER**
23-cv-2361 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

Vandana Chak ("Plaintiff"), proceeding pro se, brings this action against New York State

Department of Education, Dr. Betty A. Rosa, The New York City Department of Education,

Sharon L. Veltman, and Janet Maxwell Wickett ("Defendants"), alleging violations of the federal

and New York constitution, New York Executive Law, and federally protected judicial immunity.

Defendant The New York City Department of Education ("DOE") moves pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all claims against DOE.

## BACKGROUND[1]

Plaintiff was certified by the New York State Education Department ("NYSED") as an

Impartial Hearing Officer ("IHO") in April 2021.  (Am. Compl ¶ 31, ECF No. 18.)  DOE

assigned cases to Plaintiff for adjudication and compensated Plaintiff for her work.  (*Id.* ¶ 19.)

From April 2021 until her decertification as an IHO in November 2022, Plaintiff presided over

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of deciding the instant motion.

more than 50 cases.  (*Id.* ¶ 161.)  In February 2022, an attorney filed two complaints against Plaintiff in connection with decisions that Plaintiff rendered in two cases—the first complaint ("Complaint No. 352") on February 10, 2022, and the second complaint ("Complaint No. 353") on February 10, 2022.  (*Id.* ¶ 32.)

On July 25, 2022, NYSED engaged an investigator, Ms. Wickett, to investigate the complaints.  (*Id.* ¶¶ 34, 127.)  In September 2022, Ms. Wickett completed separate reports for each complaint.  (*Id.* ¶¶ 34, 36.)  With respect to Complaint No. 352, Ms. Wickett found that Plaintiff committed plagiarism and improperly advocated on behalf of a party in a case.  (*See id.* ¶¶ 81, 85.)  On October 18, 2022, the Commissioner of NYSED shared Ms. Wickett's findings as to the 352 report with Plaintiff.  (*Id.* ¶ 34.)  With respect to those findings, Plaintiff filed a petition with NYSED on November 21, 2022, challenging that report and its purported defects. (*Id.* ¶¶ 36, 90–91.)  Two days later, on November 23, 2022, Plaintiff received a letter with the 353 report.  (*Id.* ¶¶ 36, 87.)  In that same letter, Plaintiff received an order revoking her certification as an IHO.  (*Id.*)  On January 12, 2023, NYSED dismissed Plaintiff's challenge to the 352 report.  (*Id.* ¶ 92.)

Plaintiff challenges the investigation process that led to the revocation of her certificate and complains that Ms. Wickett exceeded her jurisdiction, made incorrect findings, misstated facts, incorrectly applied burdens of proof, and relied on irrelevant evidence.  (*Id.* ¶¶ 13, 33, 37–86, 96–124.)  Plaintiff further claims she was discriminated against in her revocation on the basis of her race and ethnicity.  (*Id.* ¶ 177.)  Accordingly, Plaintiff brings two causes of action against DOE:  (1) violation of Plaintiff's civil rights under Section 1983; and (2) violation of New York City Executive Law.  (*Id.* ¶¶ 176–80, 188–92.)  Although not separately pleaded, Plaintiff also

appears to allege violations of 34 C.F.R. §300, 8 N.Y.C.R.R. § 200, and the New York state constitution.  (Am. Compl. ¶ 190.)

## STANDARD OF REVIEW

When a party moves for dismissal under Rule 12(b)(1) in addition to other grounds, courts consider the Rule 12(b)(1) challenge first.  *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).  If a court finds that it lacks subject matter jurisdiction, then "the accompanying defenses and objections become moot."  *Id*.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "If a court lacks subject matter jurisdiction, it must dismiss the action." *Shuford v. United States*, No. 13-CV-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014). A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction."  *Foad v. Holder*, No. 13-CV-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 100 (2d Cir. 2004)).  A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id*.  While this

standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).[2]

## DISCUSSION

### 1. Standing to Sue

As a threshold matter, DOE argues that Plaintiff lacks standing to bring any of her claims against DOE because IHOs are independent contractors and not DOE employees. (Def. NYC DOE's Mem. L. ("DOE Mem.") at 9, ECF No. 30.) As such, according to DOE, it has no role in the decertification process. (*Id.*) At this stage, the Court disagrees, or at least finds this challenge premature. "[A] determination that an employer-employee relationship exists may rest upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results." *Scott v. Massachusetts Mut. Life Ins.,* 86 N.Y.2d 429, 433 (1995) (internal quotation marks and citation omitted). Courts have routinely held that such determination is "is more appropriately made in a motion for summary judgment." *Banks v. Corr. Servs. Corp.*, 475 F. Supp. 2d 189, 198 (E.D.N.Y. 2007); *see also Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673, 680 (S.D.N.Y. 2009) ("Whether [plaintiff] was, as a matter of law, an employee or an independent contractor, cannot be conclusively determined on the face of

---

[2] Although Plaintiff is proceeding pro se, she is "an attorney in good standing," so the Court is not required to treat her pleadings to the same standard as those from a non-attorney pro se plaintiff. (Am. Compl. ¶ 31); *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (noting that "the degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation" and "a lawyer representing himself ordinarily receives no such solicitude at all").

the Complaint.").  Thus, at this stage, the Court rejects the argument that Plaintiff lacks standing to bring any claims whatsoever against DOE because of their employment relationship.

## 2.  **Due Process Claim**

Nonetheless, Plaintiff's claims against DOE are ripe for dismissal because she has failed to state any claim for which the Court can grant relief.  Within her Section 1983 claim, Plaintiff alleges that DOE "knowingly fail[ed] to comply with the complaint review procedure" and "constructed allegations against Plaintiff knowing them to be false."  (Am. Compl. ¶ 177.)  The Court construes these allegations as a claim for violation of Plaintiff's due process rights under the Fourteenth Amendment.

"[I]n evaluating what process satisfies the Due Process Clause, 'the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'"  *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996)).  "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy."  *Rivera-Powell*, 470 F.3d at 465 (citing *Hellenic*, 101 F.3d at 880).  Where a party sues the state and its officials and employees for the arbitrary and random deprivation of a property or liberty interest, "'an Article 78 proceeding is a perfectly adequate postdeprivation remedy.'"  *Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002) (quoting *Hellenic*, 101 F.3d at 880–81).[3]

---

[3] Article 78 of the New York CPLR permits a plaintiff to challenge state administrative action.  As the Second Circuit explained:  "An Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims. Petitioners proceeding under Article 78 may raise claims that the agency adjudicator was biased and prejudged the outcome, that the determination was slanted by the adjudicator's refusal to recuse herself, or that ex parte

5

DOE argues that Plaintiff's due process claims must be dismissed because she failed to challenge her decertification through the Article 78 process.  (DOE Mem. at 14.)  The Court agrees.  Plaintiff had the opportunity to challenge the investigation, reports, and decertification through the Article 78 process.  Her failure to do so precludes her from now bringing a due process claim.  *See Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984) ("Where, as here, Article 78 gave the employee a meaningful opportunity to challenge the voluntariness of his resignation, he was not deprived of due process simply because he failed to avail himself of the opportunity."); *Pabon v. New York City Transit Auth.*, 703 F. Supp. 2d 188, 199 (E.D.N.Y. 2010) ("This Court is persuaded that the constitutionally sufficient remedies available to rectify any technical or procedural errors in the Transit Authority's robust grievance process, including resort to an Article 78 appeal proceeding, preclude a due process claim here.").[4]

### 3.  Equal Protection Claim

Within her Section 1983 claim, Plaintiff further alleges that DOE engaged in the corrupt investigation process "all the while motivated by Plaintiffs race and ethnicity to a) aid those with whose race and ethnicity they relate with despite their unlawful acts, and b) to single out Plaintiff for harm on the basis of her ethnicity and race from the pool of IHOs whose race and ethnicity they relate with."  (Am. Compl. ¶ 177.)  The Court construes these allegations as a claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

---

communications with other officials may have infected the adjudicator's ruling.... [A] judicial trial represents the epitome of full process."  *Locurto v. Safir*, 264 F.3d 154, 174–75 (2d Cir. 2001).

[4] To the extent Plaintiff also purports to raise a substantive due process claim, any such claim is dismissed as duplicative of the procedural due process claims.  *See Morgan v. Cnty. of Warren*, No. 22-345, 2022 WL 13691731, at *2 (2d Cir. 2022) (affirming dismissal of substantive due process claim where "what was allegedly shocking about what defendants did was to deprive the plaintiff of a protected interest without procedural due process") (cleaned up); *Laface v. E. Suffolk BOCES*, No. 18-CV-01314, 2019 WL 1959489, at *5 (E.D.N.Y. May 2, 2019) (dismissing claim where "Plaintiff's substantive due process claim is entirely duplicative of his procedural due process claim").

The Second Circuit has articulated two theories of equal protection based on selective enforcement of the law where, as here, Plaintiff alleges that facially neutral laws were applied selectively. *See Hu v. City of N.Y.*, 927 F.3d 81, 91–93 (2d Cir. 2019). The first is a *LeClair* claim, which "protects against both discrimination on the basis of a plaintiff's protected status (e.g., race or a constitutionally-protected activity) and discrimination on the basis of a defendant's personal malice or ill will towards a plaintiff." *Id.* at 91; *see LeClair v. Saunders*, 627 F.2d 606 (2d Cir. 1980). The second theory of equal protection is a "class of one" claim, under which "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Hu*, 927 F.3d at 93. The Court addresses each in turn.

### a. *LeClair* Theory

To prevail on a *LeClair* claim, a plaintiff must prove that "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Id.* The first prong requires Plaintiff to show that she and a comparator share "reasonably close" facts and circumstances. *Velasquez v. City of New York Dep't of Buildings*, No. 19-CV-9687, 2020 WL 2614826, at *3 (S.D.N.Y. May 22, 2020).

Here, to the extent Plaintiff purports to raises a *LeClair* claim, the amended complaint falls woefully short of doing so. Plaintiff alleges that DOE and its agents were "motivated by Plaintiff's race and ethnicity," "aid[ed] those with whose race and ethnicity they relate with despite their unlawful acts," and "single[d] out Plaintiff for harm on the basis of her ethnicity and

race from the pool of IHOs whose race and ethnicity they relate with."  (Am. Compl. ¶ 177.)

Notably absent from the amended complaint, however, is any allegation as to Plaintiff's own race

or ethnicity, let alone that of the other IHOs whom Plaintiff claims received preferential

treatment.  *See Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (affirming

dismissal of equal protection claim where "Jackson's bald assertions of discrimination and

retaliation, unsupported by any comments, actions, or examples of similarly-situated individuals

outside of Jackson's protected class being treated differently, from which we could infer that the

defendants possessed a discriminatory or retaliatory motive, are implausible and insufficient to

survive a motion to dismiss"); *Norton v. Town of Brookhaven*, 33 F. Supp. 3d 215, 239

(E.D.N.Y.) (dismissing equal protection claim based on "a conclusory reference to unspecified

similarly situated persons without accompanying examples"); *see also Bell v. Messina*, No. CV

GLR-17-1354, 2018 WL 2462842, at *5 n.7 (D. Md. June 1, 2018), *aff'd*, 744 F. App'x 180 (4th

Cir. 2018) (dismissing equal protection claim where plaintiff "has curiously failed to mention his

own race in the Complaint").  Nor does Plaintiff plead how the other IHOs were treated

differently compared to her.  *See Velasquez v. City of New York Dep't of Buildings*, No. 19-CV-

9687, 2020 WL 2614826, at *3 (S.D.N.Y. May 22, 2020) (dismissing equal protection claim

where plaintiff "fails to plead facts showing that any similarly situated white engineers received

more lenient treatment").  Accordingly, Plaintiff has failed to state a claim under *LeClair*.

### b.  Class of One Theory

To allege a "class of one" claim, a plaintiff must demonstrate that "(1) [s]he was

intentionally treated differently from others similarly situated, and (2) that there is no rational

basis for the difference in treatment."  *Segreto v. Town of Islip*, No. 12-CV-1961, 2014 WL

737531, at *6 (E.D.N.Y. Feb. 24, 2014) (internal quotation marks and citation omitted).

Moreover, in contrast to a *LeClair* claim, a "class of one" claim requires an "extremely high" degree of similarity between a plaintiff and comparator. *Hu*, 927 F.3d at 93.[5]

Here again, Plaintiff has failed to plead the existence of a single comparator, let alone one with "extremely high" similarity, sufficient to sustain her equal protection claim. Although Plaintiff implies that other IHOs received preferential treatment, she never states how, except to say Plaintiff was comparatively "singled out for harm." (Am. Compl. ¶ 177.) But any "class of one" claim cannot stand without more details about the alleged comparators. *See New Page at 63 Main, LLC v. Inc. Vill. of Sag Harbor*, 674 F. App'x 23, 27 (2d Cir. 2016) (affirming dismissal of "class of one" claim where "Plaintiffs vaguely refer to other restaurants with outdoor seating, but they identify no comparator with sufficient specificity to meet this high standard"); *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 434 (S.D.N.Y. 2013) (affirming dismissal of "class of one" claim based on failure to adequately allege that comparators who were "sufficiently similar" to plaintiffs were treated more favorably) (internal citation omitted). In any event, the amended complaint fails to plead how the other IHOs somehow received preferential treatment compared to Plaintiff as a "class of one." *See Missere v. Gross*, 826 F. Supp. 2d 542, 566 (S.D.N.Y. 2011) (dismissing "class of one" claim where complaint "contains no facts whatsoever giving details regarding the alleged instances of differential enforcement"). Thus, the Court grants DOE's motion to dismiss as to the equal protection claims against DOE. Count I is therefore dismissed as against DOE.

---

[5] More precisely, a plaintiff must establish that ahe and a comparator are "prima facie identical" by showing that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Hu*, 927 F.3d at 92 (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

**4.  Remaining Claims**

Plaintiff's remaining claims against DOE are without merit.  Count III alleges that DOE engaged in a "violation of executive law," which the Court construes to mean a violation of New York Human Rights Law based on Plaintiff's citation to that law elsewhere in the complaint. (Am. Compl. ¶¶ 1, 188-92) (citing N.Y. Exec. Law § 290 *et seq.*).)  Yet, Plaintiff never articulates which of DOE's actions violated the executive law, let alone how her allegations fit the required elements.  *See Ochre LLC v. Rockwell Architecture, Plan. & Design, P.C.*, 530 F. App'x 19, 20 (2d Cir. 2013) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Iqbal*, 556 U.S. at 678).  Thus, the executive law claim fails as to DOE.

Plaintiff also alleges that DOE has "violated New York State Law, including, but not limited to 34 C.F.R. §300, 8 N.Y.C.R.R. § 200 and the New York State constitution as detailed." (Am. Compl. ¶ 190.)  As an initial matter, 34 C.F.R. §300 and 8 N.Y.C.R.R. § 200 are the federal and state regulations implementing IDEA, neither of which confers a private right of action.  *See Ascent: a Sch. for Individuals With Autism v. New York State Educ. Dep't*, No. CV 17-6866, 2019 WL 2439431, at *7 (E.D.N.Y. Mar. 4, 2019), *report and recommendation adopted*, No. 17-CV-6866 (JS) (ARL), 2019 WL 1466901 (E.D.N.Y. Mar. 31, 2019) (acknowledging "the only private right of action under the IDEA lies in an administrative due process complaint"); *Ctr. for Discovery, Inc. v. D.P.*, No. 16-CV-03936, 2018 WL 1583971, at *9 (E.D.N.Y. Mar. 31, 2018) (citations to 8 N.Y.C.R.R. § 200 "do not appear to give rise to a private cause of action").[6]

---

[6] In any event, these claims are also ripe for dismissal because they are nothing more than "mere conclusory statements" insufficient to survive a motion to dismiss.  *See Ochre*, 530 F. App'x at 20.

With respect to her state constitution claims, Plaintiff alleges "procedural and substantive due process rights guaranteed under the laws and constitution of the United States and the New York State constitution."  (Am. Compl. ¶ 3.)  Because Plaintiff fails to articulate any violation of the New York constitution distinct from her claims under the federal constitution, her state due process claims are also dismissed.  *See Alwan v. City of New York*, 311 F. Supp. 3d 570, 586 (E.D.N.Y. 2018) ("Federal courts in this circuit have apparently uniformly held that no private right of action exists for violations of the New York State Constitution where the plaintiff has an alternative remedy under § 1983 for violations of parallel provisions of the U.S. Constitution."); *see also Talarico v. Port Auth. N.Y. & N.J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) ("[W]here a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed.").  Count III is therefore dismissed as against DOE.

### 5. Leave to Amend

The Court will next address Plaintiff's motion to amend the complaint, which she filed in response to DOE's motion to dismiss.  (Mot. Amend, ECF No. 33.)  Ordinarily, "[l]eave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Kohn v. Esposito*, No. 19-CV-2163, 2021 WL 1163071, at *3 (E.D.N.Y. Mar. 26, 2021) (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)).  Specifically, "when a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim."  *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).  That is, "if it appears beyond doubt that the

plaintiff can plead no set of facts that would entitle him to relief," leave to amend will be denied. *Id.*

Here, the proposed amendments fail to save Plaintiff's claims against DOE. Plaintiff seeks to assert a new cause of action alleging that "DOE's systemic violation in pursuing an unlawful practice of systemic non-disclosure in due process hearings and of ignoring the law to a child's disadvantage has harmed Plaintiff." (Prop. Sec. Am. Compl. ¶ 227, ECF No. 33-2.) Plaintiff goes on to allege that "DOE knowingly convolutes the informed decision making mandate of the IHO and allows private interests to manipulate the IHO's decision by its non-participation," and DOE "unfairly attributes incompetency to IHOs as it did to Plaintiff, to benefit an interested private party." (*Id.*) Thus, "Plaintiff has suffered violation [sic] of her constitutional rights and to a meaningful due process hearing and equal protection of the laws at the behest of the interested parties." (*Id.*)

Notably absent from this proposed cause of action is how the "systemic violation" injured Plaintiff. Plaintiff impugns DOE practices and then states, in conclusory terms, that her constitutional rights were violated. (*Id.*) Her failure to explain how the "systemic violation" somehow violated her rights, proves fatal to the proposed claim. *Landesberg v. Legislative & Jud. Branches of Gov't*, No. 96-CV-3033, 1997 WL 473585, at *3 (S.D.N.Y. Aug. 19, 1997) (dismissing "conclusory, vague and general allegations" supporting claim for constitutional violation because "Plaintiff fails to link any actions taken by any of the Defendants to a specific harm he has suffered"). And to the extent Plaintiff asks the Court to address unlawful DOE practices notwithstanding her own injuries, simply claiming a "systemic violation" is far too vague to enable the Court to divine a cognizable cause of action. *Albarran v. Apple*, No. 22-CV-

12

7382, 2023 WL 8622841, at *2 (E.D.N.Y. Dec. 13, 2023) (dismissing complaint where pro se plaintiff "nowhere states the relief sought or her legal basis").

Plaintiff also seeks to add a cause of action for "Fourteenth Amendment Denial [o]f Equal Protection" in violation of 42 U.S.C. § 1981.  (Prop. Sec. Am. Compl. ¶¶ 239–40.)  In support, Plaintiff alleges that DOE "singled Plaintiff out of similarly situated IHOs," and that "among the motivating aminus was Ms. Veltman's closeness to Ms. Schianagle who belongs to her own ethnicity in framing allegations that were prima facie unfounded."  (*Id.* ¶ 240.) According to Plaintiff, Ms. Veltman "ran an elaborate circumvention of the law to support unfounded allegations against Plaintiff . . . for Ms. Rothenberg, whose ethnicity she relates to," and "the October Findings was [sic] to intimidate Plaintiff to benefit certain attorneys and services providers with whose ethnicity Ms. Veltman relates with."  (*Id.*)

Procedurally, this proposed cause of action fails because § 1981 applies to private parties, but "with respect to Defendants who are state actors, Section 1983 is the exclusive remedy for violations of rights guaranteed under Section 1981." *Ruiz v. City of New York*, No. 14-CV-5231, 2015 WL 5146629, at *3 (S.D.N.Y. Sept. 2, 2015) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731–34 (1989)).  Nonetheless, even on the merits, these new allegations fail to save Plaintiff's existing equal protection claim.  Although Plaintiff appears to allege these individuals conspired against her based on their shared ethnicity, Plaintiff still fails to plead the existence of any comparator who was similarly situated to Plaintiff and treated differently from her.  Thus, the proposed amendment is futile under either theory of an equal protection violation.  *See Williams v. Novoa*, No. 19-CV-11545, 2022 WL 161479, at *9 (S.D.N.Y. Jan. 18, 2022) (dismissing equal protection claim under both selective enforcement and class of one theories because "[w]hile these theories require different levels of specificity as to comparators, Plaintiff must plead facts

pertaining to comparable individuals under either regime"); *see also Dellutri v. Vill. of Elmsford*, 895 F. Supp. 2d 555, 572 (S.D.N.Y. 2012) (holding that plaintiff's equal protection claims could not survive a motion to dismiss under either theory, where complaint contained a conclusory assertion that plaintiff was treated differently from "other similarly situated property owners," but did not include any details about those individuals).

Accordingly, the Court denies Plaintiff's motion for leave to amend with respect to the proposed claims against DOE.[7]

## CONCLUSION

For the foregoing reasons, DOE's motion to dismiss the amended complaint as against DOE is GRANTED, and Plaintiff's motion to amend is DENIED with respect to DOE.

SO ORDERED.

Dated:  Brooklyn, New York          /s/ LDH_____
        March 26, 2024              LASHANN DEARCY HALL
                                    United States District Judge

---

[7] The Court reserves determination on the additional proposed amendments as against the remaining defendants.