UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VANDANA CHAK,

Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF EDUCATION, DR. BETTY A. ROSA, THE NEW YORK CITY DEPARTMENT OF EDUCATION, SHARON L. VELTMAN, and JANET MAXWELL WICKETT,

Defendants.

**MEMORANDUM AND ORDER**
23-cv-2361 (LDH) (LB)

LASHANN DEARCY HALL, United States District Judge:

Vandana Chak ("Plaintiff"), proceeding pro se, brings this action against the New York State Education Department ("NYSED"), Dr. Betty A. Rosa, Commissioner of NYSED (the "Commissioner"), Sharon L. Veltman, Chief of NYSED's Special Education Due Process Unit (together with the Commissioner, the "Individual State Defendants") (collectively, the "State Defendants"), the New York City Department of Education ("NYCDOE"),[1] and Janet Maxwell Wickett, alleging violations of the United States Constitution, the New York State Constitution, and New York Executive Law.[2] The State Defendants and Defendant Wickett move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all claims against them.

[1] The amended complaint as against Defendant NYCDOE was dismissed on March 26, 2024. *See generally Chak v. New York State Dep't of Educ.*, No. 23-CV-2361, 2024 WL 1282351 (E.D.N.Y. Mar. 26, 2024).

[2] Plaintiff also purports to bring a claim against NYSED for a "violation of federally protected judicial immunity." (Am. Compl. ¶¶ 193–97.) Even under the most liberal interpretation, the Court is unable to construe any cognizable claim to that effect. The doctrine of judicial immunity is a defense, not a cause of action. *See, e.g., Green v. Maraio*, 722 F.2d 1013, 1016–18 (2d Cir. 1983).

## BACKGROUND[3]

Plaintiff was certified as an Impartial Hearing Officer ("IHO") for the New York State Education Department's Office of Special Education from April 2021 until her decertification in November 2022. (Am. Compl. ¶¶ 16, 31, ECF No. 18.) IHOs preside over due process hearings brought pursuant to the Individuals with Disabilities Education Act ("IDEA") regarding individualized education programs ("IEPs") and special education resources for students with disabilities. (*Id.* ¶ 30.) During her tenure, Plaintiff presided over more than 50 such cases. (*Id.* ¶ 161.) In February 2022, an attorney, Nancy Rothenberg, filed two complaints against Plaintiff in connection with decisions that Plaintiff rendered in two cases. (*Id.* ¶ 32.) The first complaint ("Complaint No. 352"), was filed on February 2, 2022, and the second complaint ("Complaint No. 353"), was filed on February 10, 2022. (*Id.*) The Commissioner informed Plaintiff about Complaint No. 352 and Complaint No. 353 on May 31, 2022. (*Id.* ¶¶ 33–34.) Plaintiff submitted a timely response to each complaint. (*Id.*)

On July 25, 2022, NYSED and the Commissioner engaged an investigator, Janet Maxwell Wickett, to investigate both Complaint No. 352 and Complaint No. 353. (*Id.* ¶¶ 34, 127.) In a September 19, 2022 report regarding Complaint No. 352 (the "352 Report") and a September 23, 2022 report regarding Complaint No. 353 (the "353 Report"), Ms. Wickett found that the allegations of Plaintiff's misconduct, including allegations that Plaintiff committed plagiarism and improperly advocated on behalf of a party in a case, were substantiated. (*See id.* ¶¶ 34, 36, 81, 85.) On October 18, 2022, the Commissioner shared the 352 Report with Plaintiff. (*Id.* ¶ 34.) Plaintiff filed a petition with NYSED on November 21, 2022, challenging the 352

[3] The following facts are taken from the Complaint and are assumed to be true for the purpose of deciding the instant motion.

Report. (*Id.* ¶¶ 36, 91.) On that same day, the Commissioner signed an order revoking Plaintiff's certification as an IHO ("Revocation Order"). (*Id.* ¶¶ 36, 87.) Two days later, on November 23, 2022, Ms. Wickett issued a supplemental report with additional findings as to Complaint No. 353 ("353 Supplemental Report"). (*Id.*) Plaintiff received the Revocation Order, the 353 Report, and the 353 Supplemental Report on November 28, 2022, via email. (*Id.* ¶ 36.) On January 12, 2023, the Commissioner dismissed Plaintiff's challenge to the 352 Report as "non-maintainable." (*Id.* ¶ 92.)

Plaintiff challenges the investigation process that led to the revocation of her IHO certification, complaining that Ms. Wickett exceeded her jurisdiction, made incorrect findings, misstated facts, incorrectly applied burdens of proof, and relied on irrelevant evidence. (*Id.* ¶¶ 13, 33, 37–86, 96–124.) Plaintiff further claims that the State Defendants misused the complaint process to discriminate against her because of her race and ethnicity. (*Id.* ¶ 177.) Accordingly, Plaintiff brings three causes of action against the State Defendants: (1) a Section 1983 claim against NYSED for violation of Plaintiff's constitutional rights to due process and equal protection, (2) a Section 1983 claim against the Individual State Defendants and Defendant Maxwell-Wickett, in their individual capacities, for violation of Plaintiff's constitutional rights to due process and equal protection,[4] and (3) an NYSHRL claim for discrimination and retaliation

[4] Plaintiff alleges that NYSED "knowingly fail[ed] to comply with the complaint review procedure," "constructed allegations against Plaintiff knowing them to be false," and "single[d] out Plaintiff for harm on the basis of her ethnicity and race." (Am. Compl. ¶ 177.) Plaintiff also alleges that the Individual State Defendants and Defendant Wickett violated "both procedural and substantive due process [rights] guaranteed to Plaintiff" and committed "willfully discriminatory acts against Plaintiff" on the basis of her race and ethnicity by entertaining frivolous complaints against Plaintiff. (*Id.* ¶¶ 182-86.) Based on these allegations, the Court construes Plaintiff's Section 1983 claims against the State Defendants and Defendant Wickett as claims for violations of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. *See Chak v. New York State Dep't of Educ.*, No. 23-CV-2361, 2024 WL 1282351 at *3-4 (E.D.N.Y. Mar. 26, 2024).

against the State Defendants and Defendant Wickett.[5] (*Id.* ¶¶ 176–92.) Plaintiff seeks reinstatement of her certification as an IHO as well as compensatory and punitive damages. (*Id.* at p. 36.)

Plaintiff also seeks leave to amend her complaint for a second time to assert nine new causes of action against the State Defendants and Defendant Wickett, pursuant to Section 1983 and 42 U.S.C. § 1981 ("Section 1981"), for discrimination, retaliation, and violations of due process and equal protection. (*See* Pl.'s Mot. to Amend, ECF No. 33; Proposed Second Amended Complaint ("Proposed SAC") ¶¶ 223–43, ECF No. 33-2.)

**STANDARD OF REVIEW**

When a party moves for dismissal under Rule 12(b)(1) in addition to other grounds, courts consider the Rule 12(b)(1) challenge first. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). If a court finds that it lacks subject matter jurisdiction, then "the accompanying defenses and objections become moot." *Id*. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If a court lacks subject matter jurisdiction, it must dismiss the action." *Shuford v. United States*, No. 13-CV-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014). A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction." *Foad v. Holder*, No. 13-CV-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7,

---

[5] The Court interprets Plaintiff's claim of "intentional discrimination and retaliation" in violation of New York Executive Law, (Am. Compl. ¶ 191), as a claim brought under the NYSHRL. *See Chak*, 2024 WL 1282351 at *5. Plaintiff also alleges that the State Defendants and Defendant Wickett violated "New York State Law, including, but not limited to 34 C.F.R. § 300, 8 N.Y.C.R.R. § 200 and the New York State constitution." (Am. Compl. ¶ 190.) As this Court previously articulated, neither the federal regulation implementing the IDEA, 34 C.F.R. § 300, nor the New York State regulation implementing the IDEA, 8 N.Y.C.R.R. § 200, confer private rights of action. *See Chak*, 2024 WL 1282351, at *6.

2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 100 (2d Cir. 2004)). A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).[6]

Leave to amend a complaint "should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). "[W]hen a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), leave to amend will be denied as futile only if

[6] Although Plaintiff is proceeding pro se, she is "an attorney in good standing," so the Court is not required to treat her pleadings to the same standard as those from a non-attorney pro se plaintiff. (*See* Am. Compl. ¶ 31); *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (noting that "the degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation" and "a lawyer representing himself ordinarily receives no such solicitude at all").

the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). That is, "if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle [her] to relief," leave to amend will be denied. *Id*.

**DISCUSSION**

**I. SOVEREIGN IMMUNITY**

The Eleventh Amendment bars civil actions against state agencies unless the state waives sovereign immunity or Congress abrogates the states' immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Sovereign immunity applies "regardless of the nature of the relief sought," except in cases involving "claims for prospective relief against state officials in their official capacities." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023), *cert. denied*, 218 L. Ed. 2d 66 (Feb. 20, 2024) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). Importantly, Congress did not abrogate the states' immunity from Section 1983 suits, nor has New York waived its immunity from suit under Section 1983 or the NYSHRL. *See McMillan v. N.Y. State Bd. of Elections*, 449 F. App'x 79, 80 (2d Cir. 2011) (summary order) (affirming dismissal under Eleventh Amendment of Section 1983 claims against state agency); *Iwelu v. New York State Off. of Mental Health*, No. 22-CV-3096, 2024 WL 2175938, at *2 (2d Cir. May 15, 2024) ("Congress has not abrogated, and New York has not waived, its sovereign immunity from claims brought under . . . NYSHRL."); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244 (E.D.N.Y. 2015) ("New York State has not consented to suit under [NYSHRL]."). Plaintiff's claims against NYSED must be dismissed on sovereign immunity grounds.[7]

[7] Plaintiff "consents to withdraw" her Section 1983 claim against NYSED, conceding that the State of New York did not waive its immunity to suit. (Pl.'s Opp. at 25–26.) Plaintiff also asserts that she intends to "move this [C]ourt to

Plaintiff seeks to bring three additional claims against NYSED in her Proposed Second Amended Complaint, pursuant to Section 1983 and Section 1981, for violations of due process and equal protection under the First and Fourteenth Amendments. (*See* Proposed SAC ¶¶ 225, 239–43.) These claims cannot withstand a 12(b)(6) motion to dismiss because they are likewise precluded by the Eleventh Amendment. Any amendment with respect to these claims would therefore be futile. *Milanese*, 244 F.3d 104, 110 (2d Cir. 2001).

## II. PROCEDURAL DUE PROCESS

### A. Plaintiff's Property Interest in Her IHO Certification

Read liberally, Plaintiff alleges that the State Defendants and Defendant Wickett violated her right to procedural due process by failing to provide her with an adequate complaint review process before revoking her IHO certification. (Am. Compl. ¶¶ 176–87.) To sustain a claim for a violation of procedural due process rights under the Fourteenth Amendment, Plaintiff "must plead facts sufficient to give rise to a claim that [she] was deprived of [her] property without [a] 'constitutionally adequate pre- or post-deprivation process.'" *Ahlers v. Rabinowitz*, 684 F.3d 53, 62 (2d Cir. 2012) (quoting *N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 163 (2d Cir. 2001)). In seeking dismissal of Plaintiff's due process claim, the State Defendants argue that Plaintiff had only "a limited" property interest in her IHO certification, which, according to them, is insufficient to support a due process claim. (State Defs.' Mot. to Dismiss at 6–7, ECF No. 48.) Not so.

---

re-plead a cause of action based on [a] gross violation of Part B of the IDEA" against NYSED, "for which they do not enjoy immunity." (*Id.*) To be clear, all of Plaintiff's claims against NYSED are precluded by the Eleventh Amendment, including those she seeks to assert in her Proposed Second Amended Complaint. (*See* Proposed Second Am. Compl. ¶¶ 225, 239–43, ECF No. 33-2.) Moreover, there is no cause of action available to Plaintiff under the IDEA because the IDEA does not afford any actionable rights to the IHOs that adjudicate IDEA cases. *See* 34 C.F.R. § 300.177(a)(1); *see also Ascent: a Sch. for Individuals With Autism v. New York State Educ. Dep't*, No. 17-CV-6866, 2019 WL 2439431, at *7 (E.D.N.Y. Mar. 4, 2019), *report and recommendation adopted*, No. 17-CV-6866, 2019 WL 1466901 (E.D.N.Y. Mar. 31, 2019) ("[T]he only private right of action under the IDEA lies in an administrative due process complaint.").

A plaintiff has a protected property interest in a professional license or certification if they "show 'a legitimate claim of entitlement' to such interest that is grounded in established law." *Spinelli v. City of N.Y.*, 579 F.3d 160, 169 (2d Cir. 2009) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)); *see also Cullen v. Mello*, No. 23-413, 2024 WL 1904571 at *1–2 (2d Cir. May 1, 2024). "[A] property interest in a license or permit largely turns on 'whether the issuing authority lacks discretion to deny [it].'" *ACE Partners, LLC v. Town of E. Hartford*, 883 F.3d 190, 195 (2d Cir. 2018) (quoting *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 504 (2d Cir. 2001)). "Where a license can be 'suspended only upon a satisfactory showing' of misconduct, the licensee has 'a property interest in his license sufficient to invoke the protection of the Due Process Clause.'" *Spinelli*, 579 F.3d at 169 (quoting *Barry v. Barchi*, 443 U.S. 55, 64 (1979)).

On this point, the Second Circuit's holding in *Spinelli v. City of N.Y.* is instructive. In *Spinelli*, the Second Circuit held that a plaintiff had a protected property interest in a gun dealer license because "[t]he relevant regulations provided that, under specific circumstances, the City could revoke or suspend [the plaintiff's] gun dealer license, . . . but the City did not have unfettered discretion to do so." 579 F.3d at 169. Here, Plaintiff argues that, like in *Spinelli*, she had a protected property interest in her IHO certification because she could be terminated once the Commissioner made the requisite showing under the applicable New York statute. (Pl.'s Opp. at 8–9, ECF No. 46.) The Court agrees.

Under the IDEA, an IHO's certification can only be revoked for good cause. That is, "[a]n impartial hearing officer shall: . . . be . . . subject to suspension or revocation of such certification by the commissioner for good cause in accordance with the provisions of section 200.21 of this Part." 8 NYCRR § 200.1(x)(4). This seems pretty plain. Nonetheless, the State

Defendants argue that Plaintiff has no constitutionally protected interest in her IHO certification because "the Commissioner had broad discretion to revoke it." (State Defs.' Mot. at 6.) To demonstrate this "broad discretion," the State Defendants point to regulations stating, for example, that the Commissioner can revoke an IHO's certification if "the IHO fails to complete trainings [or] fails to conduct any hearings in a two-year period," if the Commissioner "determines that complaints about the IHO's competence or conduct are substantiated," or if "the IHO fails to comply with a Commissioner's orders or issue decisions in a timely manner." (*Id.* (citing 8 NYCRR § 200.21(b))). The State Defendants misapprehend the import of these bases for termination. Rather than undermine Plaintiff's argument that the Commissioner needed good cause to revoke her certificate, these rules only confirm as much. Indeed, they are all examples of the "good cause" that is, in fact, required to revoke an IHO's certification. That the IDEA enumerates grounds for the revocation or suspension of an IHO's certification makes clear that the Commissioner does not have unfettered discretion to revoke Plaintiff's IHO certification. *See* 8 NYCRR § 200.1(x)(4). And, because good cause is required to revoke an IHO's certification, Plaintiff has a protected property interest in her IHO certification "sufficient to invoke the protection of the Due Process Clause." *Spinelli*, 579 F.3d at 169.

**B. Pre- and Post-Deprivation Process**

Still, a plaintiff with a protectable property interest must allege facts sufficient to plead that the plaintiff was deprived of that property without a "constitutionally adequate pre- or post-deprivation process," to state a claim for a violation of procedural due process. *See Ahlers*, 684 F.3d at 62. A plaintiff is afforded a sufficient pre-deprivation opportunity to be heard when they receive notice and an "opportunity to present reasons, either in person or in writing, why proposed action should not be taken." *Monserrate v. New York State Senate*, 599 F.3d 148, 159

(2d Cir. 2010) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). The State Defendants argue that Plaintiff fails to plead a denial of an adequate pre-deprivation process prior to the revocation of her IHO certification because she was afforded an opportunity to, and did, provide a written response to both February 2022 complaints. (State Defs.' Mot. at 7–8; Am. Compl. ¶ 34.) The Court agrees.

Pre-deprivation proceedings "need not be elaborate" and, "[b]ecause pre-deprivation process serves a limited function, the Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond. *O'Connor v. Pierson*, 426 F.3d 187, 198 (2d Cir. 2005). Pursuant to 8 NYCRR 200.21, Plaintiff was afforded thirty days from receiving notice of the complaints against her to respond. Plaintiff did so. (Am. Compl. ¶ 34.) Because the Commissioner complied with this provision, a sufficient pre-deprivation process was awarded to Plaintiff. *See Tyk v. New York State Educ. Dep't*, 19 A.D.3d 427, 429 (2nd Dep't 2005) (holding that a plaintiff was "afforded due process in the course of the revocation of his IHO status" because NYSED "followed the appropriate statutory procedure for revoking an IHO's certification, including providing an opportunity for the [plaintiff] to respond in writing to the charges made against him."). This alone defeats Plaintiff's procedural due process claim. *See Cullen*, 2024 WL 1904571 at *6 (2d Cir. May 1, 2024) (affirming dismissal of procedural due process claim where the plaintiff received constitutionally adequate pre-deprivation process).

Even if Plaintiff had sufficiently alleged an inadequate pre-deprivation process, her due process claim fails because she does not allege that an adequate post-deprivation process was not available to her. Where, as in this case, a plaintiff challenges the constitutionality of a state official's execution of a process or procedure, rather than the constitutionality of the procedure itself, "the state satisfies procedural due process requirements so long as it provides a meaningful

post-deprivation remedy." *See Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996)). The State did so here.

Pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"), Plaintiff had the opportunity to commence a proceeding "to review the final determination or order of [a] state review officer." N.Y. C.P.L.R. 7803. Importantly, "[a]n Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims. Petitioners proceeding under Article 78 may raise claims that the agency adjudicator was biased and prejudged the outcome, that the determination was slanted by the adjudicator's refusal to recuse herself, or that ex parte communications with other officials may have infected the adjudicator's ruling." *Locurto v. Safir*, 264 F.3d 154, 174–75 (2d Cir. 2001) (internal citations omitted). At bottom, "'an Article 78 proceeding is a perfectly adequate post-deprivation remedy.'" *Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002) (quoting *Hellenic*, 101 F.3d at 880–81).

Plaintiff had the opportunity to challenge the Commissioner's order revoking her IHO certification by commencing an Article 78 proceeding. That Plaintiff failed to avail herself of this process does not operate to save her claim, it precludes it. *See Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984) ("Where, as here, Article 78 gave the employee a meaningful opportunity to challenge the voluntariness of his resignation, he was not deprived of due process simply because he failed to avail himself of the opportunity."). Accordingly, Plaintiff's procedural due process claims against the State Defendants and Defendant Wickett are dismissed.

Plaintiff seeks to add four additional claims for due process violations by the State Defendant in their individual and official capacities pursuant to Section 1983 and Section 1981. (*Id.* ¶¶ 228–36). Plaintiff alleges that she was denied a meaningful pre-deprivation hearing prior to the revocation of her IHO certification, (*id.* ¶¶ 232, 236), that she was deprived of her property interest in her IHO certification without due process, (*Id.* ¶ 234), and that she was deprived of her property interest in her reputation[8] (*Id.* ¶¶ 229–30). These due process claims, like the others, fail because Plaintiff again cannot demonstrate that she was not provided an adequate pre-deprivation hearing or post-deprivation proceeding. Amendment with respect to these claims would be futile and, as such, is denied.

## III. SUBSTANTIVE DUE PROCESS

Plaintiff also purports to raise a substantive due process claim against the State Defendants. (Am. Compl. ¶¶ 186, 196; Pl.'s Opp. at 24–25.) However, a review of the allegations makes plain that it is nothing more than a carbon copy of her already dismissed procedural due process claim. For this reason alone, the claim must be dismissed. *See Laface v. E. Suffolk BOCES*, No. 18-CV-01314, 2019 WL 1959489, at *5 (E.D.N.Y. May 2, 2019) (dismissing claim where the plaintiff's substantive due process claim was "entirely duplicative of his procedural due process claim"). Even if this claim were not duplicative, Plaintiff's substantive due process claim would fail. To succeed on a substantive due process claim, Plaintiff must allege that Defendant's conduct was so offensive as to "shock the conscience." *Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir. 2002). The

[8] The Court need not engage in an analysis of Plaintiff's "stigma plus" due process claim because she fails to establish that she was not afforded adequate due process. *Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006) ("[T]he availability of adequate process defeats a stigma-plus claim.").

only conduct that Plaintiff alleges "shock[ed] the conscience" was the State Defendants revoking her IHO certification without affording her a fair review process, allegedly driven by malicious, discriminatory, and retaliatory motives. (*See* Pl.'s Opp. at 24–25.) A substantive due process claim fails where "what was allegedly shocking about what defendants did was to deprive the plaintiff of a protected interest without procedural due process." *See Morgan v. Cnty. of Warren*, No. 22-345, 2022 WL 13691731, at *2 (2d Cir. Oct. 24, 2022) (quoting *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005)) (internal quotation marks omitted).

## IV. EQUAL PROTECTION

Plaintiff further alleges that the State Defendants and Defendant Wickett discriminated against her based on her race and ethnicity by investigating the complaints against her and ultimately revoking her IHO certification. (Am. Compl. ¶¶ 177, 182.) Plaintiff's allegations underlying her equal protection claim against the State Defendants and Defendant Wickett are identical to the allegations underlying her equal protection claim against Defendant NYC DOE.[9] (*See id.*) As a reminder, the Court has already granted Defendant NYCDOE's motion to dismiss that claim, holding that Plaintiff could not state an equal protection claim under either the *LeClair* theory or the "class of one" theory. *Chak v. New York State Dep't of Educ.*, No. 23-CV-2361, 2024 WL 1282351 at *7–9 (E.D.N.Y. Mar. 26, 2024). The same holding is applicable here.

To state a claim under either the *LeClair* theory or the "class of one" theory, Plaintiff must sufficiently allege that she was intentionally treated differently from another similarly situated IHO. *Hu v. City of N.Y.*, 927 F.3d 81, 91–93 (2d Cir. 2019). Plaintiff's failure to make

---

[9] Plaintiff alleges that "NYSED and [NYC]DOE . . . the Commissioner Ms. Rosa and Ms. Veltman and Ms. Wickett" were "motivated by Plaintiff's race and ethnicity," "aid[ed] those with whose race and ethnicity they relate with despite their unlawful acts," and "single[d] out Plaintiff for harm on the basis of her ethnicity and race from the pool of IHOs whose race and ethnicity they relate with." (Am. Compl. ¶¶ 177, 182.)

any allegation about the treatment of any similarly situated IHO was fatal to her equal protection claim under either theory. *Chak*, 2024 WL 1282351 at *7–9 (citing *Velasquez v. City of New York Dep't of Buildings*, No. 19-CV-9687, 2020 WL 2614826, at *3 (S.D.N.Y. May 22, 2020); *New Page at 63 Main, LLC v. Inc. Vill. of Sag Harbor*, 674 F. App'x 23, 27 (2d Cir. 2016)). Moreover, Plaintiff failed to make any non-conclusory allegation demonstrating that the State Defendants were motivated by a discriminatory, malicious, or bad faith intent to injure her. Accordingly, Plaintiff has failed to state an equal protection claim.

Plaintiff seeks to bring another discrimination claim against the State Defendants and Defendant Wickett pursuant to 42 U.S.C. § 1981. (Proposed SAC ¶¶ 223–24.) To support this claim, Plaintiff adds allegations that individuals, including Veltman, conspired to support unfounded allegations against her based on their own shared ethnicity. (*Id.* ¶ 240.) Plaintiff's allegations fail to support a discrimination claim because Plaintiff fails to plead any facts that might "provide at least minimal support for the proposition that [these individuals were] motivated by discriminatory intent," nor does Plaintiff make any allegations pertaining to similarly situated individuals who were treated differently from her to give rise to "even a minimal inference of discriminatory motivation." *See Cooper v. Franklin Templeton Invs.*, No. 22-2763, 2023 WL 3882977, at *2 (2d Cir. June 8, 2023) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015)). Amendment with respect to this claim would be futile.

## V. FIRST AMENDMENT RETALIATION

Plaintiff seeks to bring an additional claim for retaliation pursuant to the First Amendment against the State Defendants and Defendant Wickett, alleging that her IHO certification was revoked after she filed her appeal of the 352 Report findings. (Proposed SAC

¶¶ 241–43.) To state a First Amendment retaliation claim, Plaintiff must establish that: "(1) [her] speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against [her]; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011). As a threshold matter, Plaintiff fails to plead that she engaged in speech protected by the First Amendment. "The speech of a public employee is protected by the First Amendment when the employee speaks as a citizen on a matter of public concern, rather than pursuant to [their] employment responsibilities." *Severin v. New York City Dep't of Educ.*, No. 23-732, 2024 WL 1904574, at *1 (2d Cir. May 1, 2024) (citing *Specht v. City of New York*, 15 F.4th 594, 600 (2d Cir. 2021)). Here, Plaintiff's appeal of the findings in the 352 Report related only to her own employment and could not be considered a "matter of public concern." *See id*. For this reason, any amendment with respect to a First Amendment retaliation claim would be futile.

Moreover, because Plaintiff cannot establish a violation of any of her constitutional rights by the State Defendants or Defendant Wickett, her proposed claim for a failure to intervene against the State Defendants, (Proposed SAC ¶¶ 237–38), would also fail. *See Blue v. City of N.Y.*, 2018 WL 2561023, at *11 (S.D.N.Y. June 4, 2018) (dismissing failure to intervene claim where there was "no predicate violation of Plaintiff's constitutional rights"). Any amendment with respect to a failure to intervene claim would also be futile.

## VI. NEW YORK STATE CLAIMS

Having concluded that Plaintiffs failed to state any federal claims, it is within the Court's discretion not to exercise pendent jurisdiction over the state law claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Jones v. Cnty. of Suffolk*, 236 F. Supp. 3d 688, 702 (E.D.N.Y. 2017) (declining to exercise jurisdiction over state law claims where the plaintiff failed to state any federal claims); *Eubanks v. Hansell*, No. 22-CV-6277, 2024 WL 1308672, at *12 (E.D.N.Y. Mar. 26, 2024) ("[B]ecause Plaintiffs have failed to allege a viable federal claim, it would 'exceed [the] allowable discretion' of the Court to assert supplemental jurisdiction."). As such, the Court declines to exercise jurisdiction over Plaintiffs' NYSHRL and New York constitutional claims and they must be dismissed for lack of subject matter jurisdiction.

Accordingly, Plaintiff's claims under New York state law must be dismissed.

**CONCLUSION**

For the foregoing reasons, the motions to dismiss the amended complaint as against the State Defendants and Defendant Wickett are GRANTED, and Plaintiff's motion to amend is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
October 31, 2024

/s/ LDH
LASHANN DEARCY HALL
United States District Judge